■ MIRA KROUPOVA, Appellant-Respondent, v JAMES HILL, Respondent-Appellant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [661 NYS2d 218] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about February 5, 1996 which, following a jury verdict in favor of plaintiff against defendant New York City Transit Authority in the amount of $1,782,063 and against defendant James Hill in the amount of $1,782,063 in compensatory damages and $1,000,000 in punitive damages, granted defendants' motion to, *inter alia,* set aside the verdict to the extent of dismissing the complaint against defendant New York City Transit Authority, dismissing the cause of action for malicious prosecution against James Hill and reducing the verdict against Hill to $100,000 in compensatory damages and $100,000 in punitive damages, unanimously modified, on the law, to the extent of denying the motion and reinstating the jury verdict as against defendant New York City Transit Authority insofar as it was based on the common carrier doctrine, and, on the facts, to the extent of granting the motion to set aside the damages verdict as against defendant New York City Transit Authority and remanding for a new trial on the issue of damages only as against said defendant and otherwise affirmed, without costs, unless, within 30 days of entry of this order, plaintiff stipulates to reduce the verdict as against defendant New York City Transit Authority to $100,000, and to entry of judgment in accordance therewith, in which event, the order, as above modified on the law, is affirmed, without costs.

Plaintiff brought this action against the New York City Transit Authority and one of its bus drivers, James Hill, for damages sustained in an altercation she allegedly had with Hill on the afternoon of February 22, 1988 as she attempted to board a Second Avenue bus driven by Hill. According to the plaintiff, after she boarded, paid her fare and requested a transfer, Hill tore off a ticket and threw it at her. When the transfer ticket fell on the floor, where she could not reach it, she held out her hand so that he would give her another one. Instead, Hill called her "stupid", hit her hand, and accelerated the bus, causing her to fall forward onto the coin machine and, then, into the

front window. When the plaintiff called him a "creep", Hill stopped the bus, stood up, yelled a racial and obscene slur, and beat her in the face, finally pushing her back into the coin machine.

The plaintiff left the bus and told the dispatcher what had happened and to call the police. Instead, he told her to get back on the bus and recount the events in front of Hill so that he could make out a report. He made her reveal her address in front of Hill but refused to provide her with Hill's name and gave her a false badge number for Hill. The plaintiff later went to the hospital for treatment of bruises and a cervical sprain and because she felt nauseous and dizzy. She also filed a complaint with the police.

The plaintiff further alleged that in order to protect himself, Hill filed criminal charges against her, alleging that she had assaulted, harassed and endangered him. The police did not pursue the assault charge and Hill later consented to the dismissal of the remaining charges.

At trial, Hill testified that when plaintiff boarded the bus, she immediately began to berate him and then hit him in the eye. He then stopped the bus to tell the dispatcher, who took a statement from the plaintiff and then put her and the other passengers on another bus. Hill then went to the hospital for treatment of his eye and went out on medical leave for a week. He also filed a criminal complaint, accusing the plaintiff of assault, but later dropped the charges. The dispatcher confirmed Hill's account of their discussion but added that when he boarded the bus, he saw that the plaintiff was in distress and she told him that Hill had embarrassed her. However, she did not accuse Hill of hitting her. He also stated that after the plaintiff asked him to call the police, he told her that it would take a while for them to arrive and she declined to wait, since she had to go to work.

The charges submitted to the jury included causes of action against defendant Hill founded on assault and battery and malicious prosecution and against the Transit Authority based on theories of negligence and the common carrier doctrine. Prior to their submission, counsel for the Transit Authority objected to the submission of the common carrier doctrine to the jury, but after the court charged the jury that the Transit Authority was absolutely liable for its employees' intentional torts against passengers, even if committed outside the course and scope of their employment, counsel specifically withdrew her objection to the charge. The jury then returned a verdict in favor of the plaintiff against the Transit Authority and Hill and awarded

her $130,000 in past and future medical costs, $352,063 in past and future lost earnings and $1.3 million in past and future pain and suffering. The jury also awarded her $1,000,000 in punitive damages against Hill for a total verdict of $2,782,063.

The Supreme Court upheld the assault and battery counts against Hill but dismissed all of the causes of action against the Transit Authority and dismissed the malicious prosecution action against Hill. Specifically with respect to the plaintiff's claim that the Transit Authority breached its duty of safe carriage, the court held that, although it had charged the jury with respect to such duty, it would rely on this Court's decision in *Adams v New York City Tr. Auth.* (211 AD2d 285, *affd* 88 NY2d 116), which came down six days after the verdict in this matter and which eviscerated the common carrier doctrine. The court also reduced the award of damages based on its conclusion that the amount awarded by the jury was excessive.

We find that the trial court erred in setting aside the verdict based on the Transit Authority's unpreserved argument that the common carrier doctrine was inapplicable to this matter.

Where a party fails to preserve its objection to a jury charge, the law as stated in the charge becomes "the law applicable to the determination of the rights of the parties in [the] litigation" (*Harris v Armstrong*, 64 NY2d 700, 702) and the trial court is not entitled to set the verdict aside based on legal principles which it later decides should have been included in its charge (*supra*; *see also*, CPLR 4110-b; *Bowne of N. Y. v International 800 Telecom Corp.*, 178 AD2d 138).

There is no question that the Transit Authority's argument was not preserved, since, as the Transit Authority concedes, counsel specifically withdrew her exception before the jury rendered its verdict. It was only after the jury returned its verdict, on the post-trial motion, and after this Court rendered its decision in *Adams*, that the Transit Authority reinstated its withdrawn argument that the common carrier doctrine was not applicable to this matter.

We find no merit to the Transit Authority's argument on appeal that the change in the law following the verdict obviated the necessity of an objection in order to preserve the issue as a matter of law. Whether an argument is preserved as a matter of law and whether a subsequent decision which validates that argument is retroactive are two independent issues, and there is no exception to the necessity for an objection to preserve an error merely because the law in effect at the time of trial subsequently changes, regardless of the retroactive effect of

that change (*see, e.g., Gager v White*, 53 NY2d 475; *People v Patterson*, 39 NY2d 288, 294).

For these reasons, we find that the trial court erred by setting aside the verdict and dismissing the complaint against the Transit Authority based on this unpreserved error.

Since we find that the trial court properly reduced the award of compensatory damages as deviating materially from what would be reasonable compensation (CPLR 5501 [c]), we find that, unless the plaintiff stipulates to reduce the verdict against the Transit Authority to the same amount, i.e., $100,000, there should be a new trial. Concerning the cross-appeal, defendant Hill's claim that he was not properly served was waived, counsel for codefendant Transit Authority having appeared and litigated the case on his behalf throughout the pretrial proceedings without ever raising a defense of lack of personal jurisdiction (CPLR 3211 [e]).

We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.