■ JEAN WASSON, Respondent-Appellant, v MICHAEL J. BARBA, Respondent, and CITY OF NEW YORK, Appellant-Respondent. [732 NYS2d 91] —In an action to recover damages for personal injuries, the defendant City of New York appeals from a judgment of the Supreme Court, Queens County (Posner, J.), dated March 1, 2000, which, upon a jury verdict finding it 100% at fault in the happening of the accident, is in favor of the plaintiff and against it in the principal sum of $461,000, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is reversed, on the law and the

facts, and a new trial on the issue of liability only is granted, with costs to abide the event; the jury's findings of fact as to damages are affirmed.

The plaintiff, a passenger in a vehicle driven by the defendant Michael Barba, was injured when Barba's vehicle skidded on icy, unsanded, unsalted pavement on Forest Park Drive, a gated thoroughfare traversing a New York City park in Queens, and skidded into a tree. The jury found the City of New York 100% at fault in the happening of the accident. Contrary to the City's contention, the Supreme Court properly denied its motion, made at the close of evidence, to dismiss the complaint for the plaintiff's failure to establish a prima facie case against it. Viewing the evidence in the light most favorable to the plaintiff (*see, Smith v Hercules Constr. Corp.*, 274 AD2d 467), there was sufficient evidence from which the jury could rationally conclude that the City was negligent and that its negligence was a proximate cause of the accident. However, the jury's finding that the City was 100% at fault in the happening of the accident was against the weight of the credible evidence. The jury's failure to apportion any fault to Barba is not supported by a fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129).

The City's remaining contentions are without merit. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.