■ JOSEPH FINN et al., Respondents, v TOWN OF SOUTHAMPTON, Appellant, and GREGORY G. L'HOMMEDIEU et al., Respondents. (Action No. 1.) JOSEPH E. McVEIGH et al., Respondents, v TOWN OF SOUTHAMPTON, Appellant, and GREGORY G. L'HOMMEDIEU et al., Respondents. (Action No. 2.) [734 NYS2d 215] —In two related actions to recover damages for personal injuries, etc., the defendant Town of Southampton appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 27, 2000, as denied its mo-

tion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiffs in the instant actions were riding in an automobile driven by the injured plaintiff Joseph Finn (hereinafter Finn), which was involved in a collision at the intersection of four roads in the Town of Southampton (hereinafter the Town), a defendant in both actions. The automobile collided with a truck driven by Christopher G. L'Hommedieu and owned by Gregory G. L'Hommedieu, who are each defendants in both actions. Christopher G. L'Hommedieu failed to stop at a stop sign before entering the intersection, allegedly because the sign was obscured by brush. Finn and his wife commenced an action against the Town and the L'Hommedieus (Action No. 1), in part claiming that the Town negligently maintained the stop sign at the intersection. Finn's passengers, Denise Finn-McVeigh and Joseph E. McVeigh, commenced an action against the Town, the L'Hommedieus, Mercedes Benz Credit Corporation (owner of the Finn vehicle), and Finn (Action No. 2). The Town unsuccessfully moved for summary judgment in both actions, and we affirm.

At common law, "[a] municipality has the nondelegable duty of maintaining its roads and highways in a reasonably safe condition," a duty which "extends to conditions adjacent to the highway" (*Stiuso v City of New York,* 87 NY2d 889, 890-891). This includes a duty to "trim growth within the highway's right-of-way to assure visibility of stop signs" (*Nurek v Town of Vestal,* 115 AD2d 116, 117; *see, Torres v Galvin,* 189 AD2d 870).

Based on Christopher G. L'Hommedieu's testimony that he did not see the stop sign before entering the intersection because it was obscured by brush, as well as photographs depicting the obstruction, we agree with the respondents that there is a question of fact as to the Town's negligent maintenance of the sign. There are also issues of fact as to whether the alleged obstruction was a proximate cause of the collision. Thus, the Supreme Court properly denied the Town's motion for summary judgment. O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.