STEVEN ORTIZ, Appellant, v VARIETY POLY BAGS, INC., et al., Respondents. [797 NYS2d 70]—

Judgment, Supreme Court, Bronx County (Anne E. Targum, J.), entered May 13, 2004, which, after a jury verdict in defendant's favor, dismissed the complaint, unanimously affirmed, without costs.

Any error by the trial court in admitting the written statements taken by the detective who investigated the accident, from the two eyewitnesses who testified at trial, was remedied when the trial court gave the jury a curative instruction explaining that the statements were no longer in evidence, that the detective's testimony based on the statements was stricken from the record, and that the evidence was to be entirely disregarded during the jury's deliberations. The curative

instruction was precise and readily understood. It is thus presumed that the jury understood and followed it (see *Martelly v New York City Health & Hosps. Corp.*, 276 AD2d 373 [2000]). Moreover, it is noted that the jury never viewed the stricken statements.

The court's charge regarding negligence mirrored New York's Pattern Jury Instructions and was proper as given. There is no authority to suggest that the more specific charge requested by plaintiff was necessary. Similarly, the court's charge regarding defendant driver's duty to exercise due care to avoid colliding with a bicyclist mirrored the statute (see Vehicle and Traffic Law § 1146), and thus was proper as given. We have considered plaintiff's other arguments regarding the jury charge and find them unavailing.

The trial court's preclusion of plaintiff's expert witness, an accident reconstructionist, was proper, given that there were two eyewitnesses to the accident who testified at trial. Furthermore, plaintiff failed to demonstrate how the proposed expert testimony would clarify an issue involving professional and technical knowledge beyond the ken of the typical juror (*GMAC Commercial Credit v Mitchell-B.J. Ltd.*, 272 AD2d 51 [2000]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.