■ MAMA T. Sow, Appellant, v MARINO T. ARIAS et al., Respondents. [800 NYS2d 150]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 15, 2004, which, following a jury verdict finding that plaintiff suffered a serious injury and awarding him damages in the amount of $150,000 for past pain and suffering and $300,000 for future pain and suffering, granted defendants' motion to set aside the verdict as against the weight of the credible evidence and as excessive, and dismissed the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to deny so much of defendants' motion as seeks to set aside the finding of serious injury, grant so much of the motion as seeks to set aside the award of damages, and direct a new trial on the issue of damages, and otherwise affirmed, without costs, unless, within 30 days after service upon his attorney of a copy of this order with notice of entry, plaintiff stipulates to reduce the awards for past and future pain and suffering to $100,000 and $200,000, respectively, and to entry of a judgment in accordance therewith.

The trial court erred in setting aside the jury's finding that plaintiff suffered a serious injury as a result of the accident. Although the court purported to do so on the basis that the finding was against the weight of the credible evidence, it actually did so on the basis that the finding was not supported by legally sufficient evidence as a matter of law (see CPLR 4404 [a]). The standard for making that determination is "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial." (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978].) That standard was not met here.

The MRI films and the testimony of plaintiff and his experts provided a sufficient evidentiary basis for the jury to validly conclude that the September 11, 1999 accident caused plaintiff to suffer a serious injury resulting in permanent consequential limitation of the use of his neck. Plaintiff testified as to how his

neck was injured in the September 11, 1999 accident, the 16 months of treatment he received, his inability to work for five months and his limited work schedule thereafter, and his subsequent inability to engage in physical activities that he had previously enjoyed. Dr. Ginde, a board-certified radiologist, testified that the MRI films, taken six days after the accident and admitted into evidence, showed that plaintiff had suffered traumatic injury to his cervical spine, including straightening and reversal of the normal curvature of the spine, disc herniation, and mild compression of the thecal sac and spinal cord. After examining plaintiff and reviewing the MRI films, Dr. Rose, a board-certified orthopedic surgeon, testified that plaintiff had suffered two herniated cervical discs as a direct result of the trauma from the accident, with one disc impinging upon a nerve root. He opined that these injuries resulted in a chronic, permanent condition, including an objective, quantified decrease in the range of motion of his cervical spine.

Notwithstanding the foregoing, the jury's damage awards deviate materially from what is reasonable compensation and should be reduced to the extent indicated (CPLR 5501 [c]). Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.