JOSE GNECO et al., Appellants, v CITY OF NEW YORK, Respondent. [807 NYS2d 346]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 2, 2004, setting aside the verdict in favor of plaintiffs on the issue of liability as a matter of law, and directing that judgment be entered in favor of defendant, unanimously modified, on the law, to grant the motion to the extent of setting aside the verdict as against the weight of the

evidence, and the complaint reinstated, the direction for the entry of judgment in favor of defendant vacated, and, except as thus modified, affirmed, without costs or disbursements, and the matter remanded to Supreme Court for a new trial on the issue of liability as well as damages.

As the trial record shows, plaintiff sustained injuries when, in the early afternoon of May 31, 1997, in an underpass tunnel under the Grand Concourse at 167th Street in the Bronx, a car he was driving struck a concrete barrier to his right separating from the main roadway a lane which, at one time, had been used as a bus stop. According to plaintiff, at the tunnel opening, as he passed from bright sunlight into the tunnel, he took off his sunglasses, a task that took "a second." By his account, "That's the last thing I remember"; he woke up five hours later in the emergency room of Lincoln Hospital. Plaintiff acknowledged that he was "legally blind in his left eye" from a condition known as uveitas, although, as he testified, he did have peripheral vision in that eye. His driver's license did not list any restrictions.

As the evidence shows, the wires on a pole with a panel consisting of yellow warning lights that sat three feet high atop the barrier at its easterly side, facing plaintiff as he approached the barrier, were disconnected and that one half of the tunnel's 25-foot-high overhead lights were not functioning. Nor were there any painted stripes, warnings or markings on the concrete divider on the approach side for westbound traffic. A witness, a homeless person who, as he testified, resided in the tunnel, did not see the accident but was present at the time, heard a short screeching sound and then heard the noise from the impact.

Plaintiff's theory of the case was that defendant City of New York was negligent in its maintenance of the tunnel and that its negligence was a substantial factor in causing plaintiff's injuries. The City did not call any witnesses. Although charged on comparative negligence, the jury found the City 100% liable, awarded plaintiff $2 million for past pain and suffering and $3 million for future pain and suffering, and awarded plaintiff's wife $200,000 for loss of services. Defendant moved for judgment notwithstanding the verdict or, alternatively, for an order setting aside the verdict as against the weight of evidence. The trial court granted the City's motion for judgment notwithstanding the verdict, finding that plaintiff's proof failed on the issue of causation. We modify to set aside the verdict as against the weight of the evidence and remand for a new trial.

In our view, the evidence was sufficient to establish negligence on the part of the City. The record shows that the lights atop

the divider had been inoperative for a lengthy period of time with the result that the tunnel, for anyone entering it on a bright, sunny day, was relatively dark. Nor were there any markings on the divider to warn of its presence. Based on such a record, a jury could infer that the City was negligent in its maintenance of the tunnel. In determining a motion to set aside a verdict and direct a verdict in favor of a party as a matter of law, the court's function is to decide "whether there is any valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Vasquez v Figueroa*, 262 AD2d 179, 180 [1999]). And, while a jury could find that the absence of adequate lighting and warnings was a substantial factor in causing the accident, its assignment of 100% fault to the City cannot, on this record, be justified. As the trial court noted, given plaintiff's inability to recall the accident, which, as the City's counsel described it, was "a single car accident with a stationary object," there is no evidence as to precisely how the accident occurred, raising questions as to the speed at which plaintiff was traveling on a roadway he had never before traveled, and whether his impaired sight was a causative factor. These are circumstances to which the jury apparently gave no consideration. Accordingly, we remand for a new trial on liability as well as damages since plaintiff's inability to recall the accident is an issue, thereby making the extent of his injuries relevant. Although the issue of damages is not before us on this appeal from the setting aside of the verdict in plaintiff's favor, both sides briefed that issue as though it were, with plaintiff conceding that the award is excessive to the extent the aggregate pain and suffering verdict exceeded $4 million. Since the issue of damages is not brought up for review on this appeal, we do not reach it. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.