■ KIM A. D'ONOFRIO-RUDEN, Respondent, v TOWN OF HEMPSTEAD, Appellant, et al., Defendants. [815 NYS2d 141]—

In an action to recover damages for personal injuries, the defendant Town of Hempstead appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated October 13, 2004, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon a

jury verdict on the issue of damages awarding the plaintiff damages for past and future pain and suffering, and upon the denial of its motions pursuant to CPLR 4404, inter alia, to set aside the verdicts as against the weight of the evidence, is in favor of the plaintiff and against it in the principal sum of $594,434.06.

Ordered that the judgment is reversed, on the law and facts, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issues of liability and damages, with costs to abide the event.

On the afternoon of September 27, 1998 the plaintiff was driving westbound on Ray Street in the Town of Hempstead when she reached its intersection with Seaman's Neck Road. As the plaintiff was making a right turn onto Seaman's Neck Road, her vehicle collided with a vehicle operated by Janet Brooks. Although the intersection was controlled by a stop sign, at trial the plaintiff testified that she did not see the sign, and presented evidence that it was obscured by tree foliage. The plaintiff also testified that she did not see Brooks' vehicle in the intersection when she began her turn. However, Brooks' deposition testimony, which was introduced at trial, indicated that her vehicle was approximately "three-quarters through" the intersection when the collision occurred.

At the conclusion of the liability phase of the bifurcated trial, the jury initially returned a verdict finding the Town 80% at fault in the happening of the accident, and the plaintiff 20% at fault, but determining that the plaintiff's negligence was not a substantial factor in causing the accident. After receiving additional instructions, the jury resumed deliberations and subsequently returned a verdict finding the Town 100% at fault in the happening of the accident. The Town then moved to set aside the liability verdict as against the weight of the evidence, and the trial court denied its motion.

Contrary to the Town's contention, the jury verdict finding that it was negligent, and that its negligence was a proximate cause of the accident, was not against the weight of the evidence. A municipality has a duty to maintain its roads and highways in a reasonably safe condition (*see Stiuso v City of New York*, 87 NY2d 889 [1995]; *Carrillo v County of Rockland*, 11 AD3d 575 [2004]), which includes a responsibility to trim the growth of foliage within a roadway's right-of-way to ensure the visibility of stop signs (*see Finn v Town of Southampton*, 289 AD2d 285 [2001]; *Torres v Galvin*, 189 AD2d 870 [1993]; *Nurek v Town of Vestal*, 115 AD2d 116, 117 [1985]). Although conflicting evidence was presented at trial, the verdict imposing liability against the Town was supported by a fair interpretation

of the evidence which included the testimony of an expert in the area of accident reconstruction, and photographs depicting the subject stop sign and intersection taken approximately ten days after the accident occurred.

However, the jury's determination that the Town's negligence was the sole proximate cause of the accident was against the weight of the evidence. Here, the plaintiff claimed that she did not see Brooks' vehicle before she began making a right turn onto Seaman's Neck Road, despite evidence that Brooks' vehicle was three-quarters of the way into the intersection when the collision occurred. The plaintiff also testified that she could not recall whether or not she looked to her left before beginning her turn. A driver is negligent where an accident has occurred because he or she has failed to see that which through the proper use of his or her senses should have been seen (*see Bongiovi v Hoffman*, 18 AD3d 686 [2005]; *Spatola v Gelco Corp.*, 5 AD3d 469 [2004]; *Ferrara v Castro*, 283 AD2d 392 [2001]). Thus, even fully crediting the plaintiff's testimony that the stop sign was obscured, her failure to observe the Brooks vehicle in the intersection before proceeding to make her turn constituted negligence. Accordingly, the jury's failure to apportion any fault to the plaintiff is not supported by a fair interpretation of the evidence (*see Gneco v City of New York*, 25 AD3d 355 [2006]; *Dileo v Barreca*, 16 AD3d 366 [2005]; *Wasson v Barba*, 287 AD2d 711 [2001]).

Under the circumstances of this case, it is appropriate to grant a new trial on all issues of liability and damages.

In view of our determination, we do not reach the appellant's remaining contentions. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.