■ JANESIA FULLER-MOSLEY, Respondent, v UNION THEOLOGICAL SEMINARY et al., Respondents, and SCORCIA & DIANA ASSOCIATES, INC., Appellant, et al., Defendants. SCORCIA & DIANA ASSOCIATES, INC., Third-Party Plaintiff-Appellant, v FOCUS LIGHTING, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [827 NYS2d 864]—

Judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.; Diane A. Lebedeff, J., at jury trial), entered October 13, 2005, to the extent appealed from as limited by the briefs, apportioning liability for plaintiff's injury 70% against defendant Scorcia & Diana and awarding damages of $750,000 for past pain and suffering, $4 million for future pain and suffering, $260,000 for past lost wages and $860,000 for future lost wages, all prior to apportionment, unanimously modified, on the facts, the pain and suffering awards vacated, and the matter remanded for new a trial solely on the issue of such damages, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce the awards for past and future pain and suffering to $600,000 and $1,400,000, respectively, prior to apportionment, and to entry of an amended judgment in accordance therewith.

The jury's verdict on liability and apportionment against Scorcia & Diana is supported by a fair interpretation of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). The award for future lost wages is supported by proof of reasonable certainty (*see Behrens v Metropolitan Opera Assn., Inc.*, 18 AD3d 47, 50 [2005]). However, the awards for past and future pain and suffering deviate materially from what is reasonable compensation under the circumstances to the extent indicated (*see* CPLR 5501 [c]; *see also Sow v Arias*, 21 AD3d 317 [2005], *lv denied* 5 NY3d 716 [2005]; *Diaz v West 197th St. Realty Corp.*, 290 AD2d 310 [2002], *lv denied* 98 NY2d 603 [2002]; *Gromelski v U-Haul Co. of Metro N.Y.*, 288 AD2d 27 [2001]; *cf. Amonbea v Perry Beverage Distribs.*, 294 AD2d 285 [2002]; *Valentin v City of New York*, 293 AD2d 313 [2002]; *Miranda v New Dimension Realty Co.*, 278 AD2d 137 [2000]).

We have considered Scorcia & Diana's remaining arguments and find them without merit. Concur—Buckley, P.J., Mazzarelli, Nardelli, Catterson and Malone, JJ.