■ LJUCA IVEZIC, Appellant-Respondent, v TULLY CONSTRUCTION CORP. et al., Respondents-Respondents, and JOSEPH C. SANSONE, Respondent-Appellant. [850 NYS2d 65]—

Amended judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about August 16, 2006, which, after a jury trial resulting in a verdict finding that plaintiff had suffered serious injury as a proximate result of defendants' negligence, awarding plaintiff $200,000 for past pain and suffering, $500,000 for future pain and suffering, and $100,000 for future medical expenses, and apportioning liability 70% to defendants Richard A. Rey and Tully Construction Corp. (collectively, the Tully defendants) and 30% to defendant Sansone, dismissed plaintiff's claims against the Tully defendants upon granting their motions for a directed verdict and for judgment notwithstanding the verdict, and awarded plaintiff 100% of his

damages against Sansone, unanimously modified, (1) on the law, to deny the Tully defendants' motions for a directed verdict and for judgment notwithstanding the verdict and to award plaintiff judgment as to liability against them, (2) on the facts, to vacate the award of damages and to direct a new trial on the issue of damages unless, within 30 days after service of a copy of this order, plaintiff stipulates to a reduction of the award, prior to apportionment, to the principal amount of $220,000, consisting of $100,000 for past pain and suffering, $100,000 for future pain and suffering, and $20,000 for future medical expenses, and to entry of a further amended judgment in accordance therewith, and (3) on the facts, to vacate the jury's apportionment of liability and to direct a new trial thereon unless, within 30 days after service of a copy of this order, Sansone stipulates to an apportionment of liability of 50% to the Tully defendants and 50% to himself, and to entry of a further amended judgment in accordance therewith, and otherwise affirmed, without costs.

The court improperly granted the Tully defendants' motions for a directed verdict and for judgment notwithstanding the verdict in this action where plaintiff was injured when a van driven by Sansone collided with the rear corner of an attenuator truck owned by Tully and driven by Rey, and then struck a van in which plaintiff was a passenger. The jury rationally concluded that the Tully defendants were negligent in violating Vehicle and Traffic Law § 1202 (a), and that their negligence was a proximate cause of the accident (*see generally Dowling v Consolidated Carriers Corp.*, 103 AD2d 675, 676 [1984], *affd* 65 NY2d 799 [1985]; *Betancourt v Manhattan Ford Lincoln Mercury*, 195 AD2d 246, 250 [1994], *appeal dismissed* 84 NY2d 932 [1994]). However, the jury's apportionment of liability between the Tully defendants and Sansone is not supported by the evidence. Sansone's conduct in failing to maintain a safe distance, slow down and change lanes when confronted with the well marked attenuator truck was clearly more of a cause of the accident than the jury found (*see Gneco v City of New York*, 25 AD3d 355, 357 [2006]; *Schildkraut v Eagle Lines*, 126 AD2d 480 [1987], *lv denied* 70 NY2d 605 [1987]).

Contrary to Sansone's argument, the evidence at trial supported the jury's finding that plaintiff suffered a "serious injury" as a result of the accident (Insurance Law § 5102 [d]; *see Sow v Arias*, 21 AD3d 317 [2005], *lv denied* 5 NY3d 716 [2005]). However, the verdict's award of damages deviates from what is reasonable compensation and should be reduced to the extent indicated (CPLR 5501 [c]). Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.