*395 Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered June 26, 2006, upon a jury verdict in plaintiffs’ favor, to the extent it apportioned liability 60% to defendant New York City Health and Hospitals Corporation (HHC) and 40% to defendant Christopher O’Brien, and bringing up for review an order, same court and Justice, entered June 8, 2005, which, inter alia, denied HHC’s motion for judgment notwithstanding the verdict or for a new trial on liability and apportionment thereof, unanimously modified, on the facts, to vacate the apportionment of liability and to direct a new trial solely on that issue, and otherwise affirmed, without costs, unless O’Brien, within 30 days after service of a copy of this order, stipulates to an apportionment of liability of 30% to HHC and 70% to himself, and to entry of an amended judgment in accordance therewith.
The decedent was killed when a car driven by O’Brien collided with the rear corner of a disabled ambulance owned by HHC. There was sufficient evidence to support the jury’s conclusions that HHC was negligent in failing to expeditiously remove the disabled ambulance from the traffic lane and in failing to adequately warn other vehicles of its presence and that HHC’s negligence was a proximate cause of the accident (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
The trial court correctly charged the jury on provisions of the Vehicle and Traffic Law and the Traffic Rules and Regulations of the City of New York governing the parking, standing and stopping of vehicles (see Vehicle and Traffic Law § 1200 [a], [d]; §§ 1201, 1202 [a] [1] [f]; 34 RCNY 4-08 [a] [1], [4], [8]). Contrary to HHC’s contention, these provisions were relevant to the issues in this case.
The court improperly denied HHC’s request for a charge that a rear-end collision with a stationary vehicle creates a presumption of negligence on the part of the driver of the moving vehicle (see generally Russo v Sabella Bus Co., 275 AD2d 660 [2000]). However, in our view the error was harmless.
The court improperly permitted plaintiff’s expert to render an opinion whether the placement of the disabled ambulance in the right lane was negligent (see Ayala v Kaestner, 224 AD2d *396 266, 267 [1996]). However, the error was remedied by the court’s prompt and thorough curative instructions, which the jury is presumed to have followed (see e.g. Ortiz v Variety Poly Bags, Inc., 19 AD3d 239, 239-240 [2005]).
HHC’s argument that the jury’s finding that the decedent was negligent but that his negligence was not a proximate cause of his injuries should be set aside as irreconcilably inconsistent is unpreserved (see Barry v Manglass, 55 NY2d 803, 806 [1981]). Moreover, it does not avail HHC to characterize its failure to preserve the inconsistency argument as an argument addressed to the weight of the evidence (see Sims v Comprehensive Community Dev. Corp., 40 AD3d 256, 258 [2007]). In any event, the jury did not find that the decedent’s negligence was not a proximate cause of his injuries. It found that the decedent’s negligence was not a proximate cause of the accident. Since it is undisputed that there was no evidence that the decedent caused the accident, the verdict was not inconsistent. HHC’s objection to the wording of the verdict sheet is unpreserved (see Al Malki v Krieger, 213 AJD2d 331, 334 [1995]).
The jury’s apportionment of fault is against the weight of the evidence. In light of O’Brien’s admissions that although he saw the disabled vehicle from at least 50 to 100 feet away he failed to slow down and that his judgment was impaired due to intoxication, his conduct was a greater cause of the accident than the jury found (see Ivezic v Tully Constr. Corp., 47 AD3d 480 [2008]). Concur — Mazzarelli, J.E, Friedman, Nardelli, Buckley and Freedman, JJ.