■ IRENE McDONALD, Respondent, v LONG ISLAND RAIL ROAD, Appellant. [909 NYS2d 514]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Markey, J.), entered February 24, 2009, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and a separate jury verdict on the issue of damages awarding the plaintiff the sum of $110,000 for past pain and suffering and $65,000 for future pain and suffering, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and to set aside the jury verdict on the issue of damages as excessive, is in favor of the plaintiff and against it in the principal sum of $175,000.

Ordered that the judgment is reversed, on the facts, with costs, the defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and to set aside the jury verdict on the issue of damages as excessive is granted, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability and, if liability is found,

for a new trial on the issue of damages for past pain and suffering unless, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $110,000 to the principal sum of $75,000; in the event that the plaintiff so stipulates, then the jury's findings of fact as to damages for past pain and suffering, as so reduced and amended, are affirmed; and it is further,

Ordered that the jury's findings of fact as to damages for future pain and suffering are affirmed.

On the afternoon of June 14, 2006, the plaintiff was attempting to board a train at the New Hyde Park station of the Long Island Rail Road when she fell through a gap between the station platform and the train door, sustaining injury. The plaintiff subsequently commenced this action against the defendant Long Island Rail Road, alleging that the gap between the station platform and train door constituted a dangerous condition. During the liability phase of a bifurcated trial, the plaintiff testified that she had boarded trains at the New Hyde Park station approximately 10 to 15 times prior to her accident, and that each time she did so, she had to step over the gap between the platform and train door. The plaintiff also acknowledged that she had noticed the gap into which she fell before she attempted to board the train. However, at the time the plaintiff proceeded to board the train, she was looking straight ahead rather than down. At the conclusion of the liability phase of the trial, the jury returned a verdict finding the defendant 100% at fault in the happening of the accident.

On appeal, the defendant contends that the jury's finding that it was solely at fault for the accident was contrary to the weight of the evidence. We agree. The evidence presented at trial demonstrates that the plaintiff, who had utilized the New Hyde Park station on previous occasions, was aware that she would have to step over a gap between the station platform and the train door in order to board, and that she was, nevertheless, looking straight ahead rather than down as she attempted to step into the train car. Under these circumstances, the liability verdict completely absolving the plaintiff of comparative negligence was not supported by a fair interpretation of the evidence, and that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial should have been granted (*see Lolik v Big V Super-*

*markets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]; *see also D'Onofrio-Ruden v Town of Hempstead*, 29 AD3d 512, 514 [2006]; *Wasson v Barba*, 287 AD2d 711, 712 [2001]; *Sinagra v City of New York*, 287 AD2d 447 [2001]).

Since a new trial on the issue of liability is required, we note that evidence of other gap-related accidents at Long Island Rail Road stations can only be properly admitted upon a showing that those accidents occurred under substantially the same conditions as the subject accident (*see Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *Kane v Triborough Bridge & Tunnel Auth.*, 64 AD3d 544, 545 [2009]). Contrary to the defendant's contention, however, the testimony elicited at the instant trial regarding its knowledge that "issues" existed regarding gaps between station platforms and train doors was not tantamount to the admission of testimony of prior accidents.

Considering the nature and extent of the plaintiff's injuries, the jury award for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Goady v Utopia Home Care Agency*, 305 AD2d 540, 542 [2003]). Rivera, J.P., Balkin, Dickerson and Eng, JJ., concur.