■ PATRICIA YNOA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [941 NYS2d 35]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered October 8, 2010, which granted defendant's motion to set aside the jury verdict and dismissed the complaint, unanimously reversed, on the law, without costs, defendant's motion to set aside the verdict denied, and the complaint reinstated.

The IAS court erred in granting the motion to set aside the verdict on the ground that there was insufficient evidence to support a finding for plaintiff on the issue of constructive notice. The court did not charge constructive notice, and defendant did not object to that aspect of the charge. It is well settled that the court may not overturn a verdict on an issue not in the charge and not requested by either party (*Kroupova v Hill*, 242 AD2d 218, 220 [1997], *lv dismissed and denied* 92 NY2d 1013 [1998]). Defendant is also incorrect that there was insufficient evidence to sustain the jury's finding that the missing turnstile arm constituted an inherently dangerous condition. Whether something constitutes a dangerous condition is almost always a question of fact that turns upon the particular circumstances of each case (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Here, given the undisputed manner in which the accident happened, i.e., plaintiff's foot became wedged and then snapped under the remaining turnstile arm—which would have been impossible had the bottommost arm been intact—we cannot say there is no rational chain of inferences that would allow the jury to find for plaintiff on this issue (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). In contrast, while comparative fault should generally be charged, here, given the circumstances of how the accident occurred, there was nothing upon which a jury could have based a finding of comparative fault.

Nor was this a case where the possibility of plaintiff's own negligence was apparent from the nature of the accident (*cf. McDonald v Long Is. R.R.*, 77 AD3d 712, 713 [2010]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.