Stallings-Wiggins v New York City Tr. Auth. (2018 NY Slip Op 07774)





Stallings-Wiggins v New York City Tr. Auth.


2018 NY Slip Op 07774


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-01836
 (Index No. 21256/10)

[*1]Noreen Stallings-Wiggins, respondent, et al., plaintiff,
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Anna Ervolina of counsel), for appellants.
Ronemus & Vilensky, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Peter Paul Sweeney, J.), entered January 25, 2016. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding that the defendant New York City Transit Authority was negligent, that its negligence was a substantial factor in causing the accident, and that the plaintiff Noreen Stallings-Wiggins was not negligent, and upon the denial of the motion of the defendant New York City Transit Authority, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff Noreen Stallings-Wiggins and against that defendant on the issue of liability.
ORDERED that the appeal by the defendant Metropolitan Transportation Authority is dismissed, as that defendant is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,
ORDERED that the judgment is reversed insofar as appealed from by the defendant New York City Transit Authority, on the facts, the motion of that defendant, in effect, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability; and it is further,
ORDERED that one bill of costs is awarded to the defendant New York City Transit Authority.
On November 23, 2009, between approximately 8:15 a.m. and 8:30 a.m., the plaintiff Noreen Stallings-Wiggins (hereinafter the injured plaintiff) allegedly was injured when, while attempting to board a train at a subway station in Brooklyn, she stepped into a gap between the train and the station platform. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendants New York City Transit Authority (hereinafter the NYCTA) and Metropolitan Transportation Authority, alleging, among other things, that the gap [*2]between the station platform and the train constituted a dangerous condition. At trial, the injured plaintiff testified that, on the date of the accident, she took the northbound B train from Church Avenue to Prospect Park in Brooklyn. At the Prospect Park station, she exited the train onto the platform and looked to see if the shuttle train was there. Upon seeing that the shuttle train was not there, the injured plaintiff attempted to reenter the B train. She stepped onto that train with her right foot, but her left foot fell through the gap between that train and the station platform.
Following the trial, the jury found that the NYCTA was negligent, that its negligence was a substantial factor in causing the accident, and that the injured plaintiff was not negligent. The NYCTA moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. Insofar as relevant on this appeal, a judgment was subsequently entered in favor of the injured plaintiff and against the NYCTA.
"A jury verdict is contrary to the weight of the evidence when the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (Cicola v County of Suffolk, 120 AD3d 1379, 1382; see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; Nicastro v Park, 113 AD2d 129, 134). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Vasquez v County of Nassau, 91 AD3d 855, 857 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 498-499).
The jury's finding that the NYCTA was solely at fault for the accident was contrary to the weight of the evidence. The evidence at trial demonstrated that, just prior to the accident, the injured plaintiff had exited the B train and stepped over the subject gap, without incident, onto the platform of the Prospect Park station. She then stepped into that same gap while attempting to reenter the train moments later. Additionally, the injured plaintiff had used the Prospect Park station on previous occasions. She testified that, for approximately one year, she had been taking the B train to the Prospect Park station where she would transfer to the shuttle train if it was at the station when she arrived. Under the circumstances, the jury's verdict on the issue of liability completely absolving the injured plaintiff of comparative fault was not supported by a fair interpretation of the evidence (see McDonald v Long Is. R.R., 77 AD3d 712, 713).
Accordingly, the Supreme Court should have granted the NYCTA's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial.
The NYCTA's remaining contentions are either unpreserved for appellate review or without merit.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court