OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In our court appellant executors of the estate of Lessie Cool* urge reversal on two grounds, namely, that the decision of the *702 trial court setting aside the jury’s verdict and dismissing the complaint against them was proper, and that the trial court erred in its instructions to the jurors. Both contentions must be rejected. We address them in reverse order.
With respect to the latter contention, it suffices to observe that the assertion of error in the trial court’s charge to the jury has not been preserved for appellate review. The trial record, as the executors concede, establishes that no exceptions or requests to charge were made by trial counsel for the executors.
For related reasons the contention that the trial court properly set aside the jury verdict against the executors must also be rejected. In consequence of the failure to register any protest to the charge to the jury, the law as stated in that charge became the law applicable to the determination of the rights of the parties in this litigation (Up-Front Inds. v U. S. Inds., 63 NY2d 1004) and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged. Under the charge as given defendants were considered collectively as a single unit for purposes of determining their liability to plaintiff (cf. Glielmi v Toys “R” Us, 62 NY2d 664, 666). Accordingly, the sufficiency of the evidence must be determined in the light of all the evidence against all defendants; discrete correlation of the evidence is not to be made to establish liability of each defendant separately. In light of the fact that, as the trial court properly concluded, the evidence was sufficient to establish liability on the part of defendant William Cool, under the law made applicable by virtue of the charge, it was necessarily also sufficient to support the verdict against the estate of Lessie Cool. It was therefore error for the trial court to set aside the verdict against the estate on the basis of the evidence against her alone.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.

 The appeal taken by William Cool has been dismissed (62 NY2d 642) and a motion for reconsideration denied (62 NY2d 943).