■ FRANKLIN STEPANIAN et al., Appellants, v FRANK A. ROZANSKI et al., Respondents. [600 NYS2d 599] —Order reversed on the law with costs, motion denied and verdict reinstated. Memorandum: Supreme Court erred in setting aside the jury verdict in favor of plaintiffs pursuant to CPLR 4404. At the close of proof, the court denied defendants' motion for a directed verdict because there were questions of fact for the jury with respect to the two issues raised: (1) "general negligence" and (2) the known vicious propensities of defendants' dog. The court then instructed the jury on those theories. Defendants did not take exception to the charge as delivered, nor did they object to the verdict sheet setting forth the two

separate and distinct theories of liability. The jury found: (1) that defendants were negligent and their negligence was a proximate cause of the accident, and (2) that the dog did not possess vicious propensities.

By failing to register any protest to the charge, the instructions "became the law applicable to the determination of the rights of the parties * * * and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged" *(Harris v Armstrong,* 64 NY2d 700, 702). In evaluating the evidence in light of the court's instructions, we cannot say that the jury's verdict finding that defendants were negligent and that their negligence was a proximate cause of the accident is without factual foundation *(see, Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700, *supra).*

"In deciding whether to grant a motion under CPLR 4404 to set aside the verdict, a court should be guided by the rule that if the verdict is one which reasonable men could have rendered after receiving conflicting evidence, the court should not substitute its judgment in place of the verdict" *(Harris v Armstrong, supra,* at 947; *see also, Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608). Where varying inferences from the evidence are possible, the issue of negligence is left to the jury *(Eddy v Syracuse Univ.,* 78 AD2d 989, *lv denied* 52 NY2d 705).

All concur except Pine, J., who dissents and votes to affirm for reasons stated in decision at Supreme Court, Mintz, J. (Appeal from Order of Supreme Court, Erie County, Mintz, J. —Set Aside Verdict.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.