■ NIAGARA VEST, INC., Appellant-Respondent, v ALLOY BRIQUETTING CORPORATION, Respondent-Appellant. ALLOY BRIQUETTING CORPORATION, Respondent-Appellant, v NIAGARA VEST, INC., Appellant-Respondent. [665 NYS2d 235] —Judgment unanimously affirmed without costs. Memorandum: Petitioner-defendant, Niagara Vest, Inc. (Niagara Vest), appeals and respondent-plaintiff, Alloy Briquetting Corporation (Alloy), cross-appeals from a judgment entered upon a jury verdict, awarding Alloy the net amount of $165,387.03. The jury awarded Alloy the amount of $218,041.04 against Niagara Vest on its fraud cause of action and its demand for a rent credit, and awarded Niagara Vest the amount of $96,517.86 against Alloy on its claims for amounts due under a lease and for clean-up costs. On appeal, Niagara Vest argues that Alloy failed to prove its cause of action for fraud by clear and convincing evidence, that Supreme Court erred in preventing Niagara Vest's expert from testifying to his opinion on the ground that his testimony was based upon material not in evidence, and that Alloy failed to prove its entitlement to a rent credit. On its

cross appeal, Alloy contends that Niagara Vest failed to prove its entitlement to reimbursement for clean-up costs and that the court erred in denying Alloy's request to present to the jury a claim for punitive damages.

The jury verdict in favor of Alloy on its fraud cause of action is supported by sufficient evidence. A verdict should be set aside on the ground that it is not supported by sufficient evidence only if "there is simply no valid line of reasoning and permissible inferences which could lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Mirand v City of New York,* 84 NY2d 44, 48-49). Viewing the evidence in the light most favorable to Alloy and giving Alloy the benefit of every favorable inference to be drawn therefrom, we conclude that Alloy proved that Niagara Vest was aware of contamination on the premises and misrepresented the condition of the premises to Alloy, which relied to its detriment on those misrepresentations. We further conclude, however, that Niagara Vest's conduct was not sufficiently egregious to support a claim for punitive damages (*see, Key Bank v Diamond,* 203 AD2d 896, 897; *cf., Ligo v Gerould,* 244 AD2d 852 [decided herewith]).

The court did not err in prohibiting David Harty, Niagara Vest's expert, from testifying to conclusions he drew from data collected by Alloy's experts during an environmental assessment of the subject property. That data was not in evidence, and Niagara Vest failed to demonstrate its reliability (*see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726).

We have examined the remaining arguments raised on the appeal and cross appeal and conclude that they lack merit. (Appeals from Judgment of Supreme Court, Niagara County, Koshian, J.—Replevin.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.