■ ROBERT WITTMAN, Respondent, v DAVID S. MAROTTA et al., Appellants. [707 NYS2d 916] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendants' motion to set aside the jury verdict and for judgment dismissing the complaint or, alternatively, a new trial (*see,* CPLR 4404 [a]). The jury awarded plaintiff damages for injuries he sustained when he fell through a defective trap door in the entryway of premises leased by defendants to plaintiff. Contrary to defendants' contention, there were issues of fact whether defendants' agent had actual or constructive notice of a dangerous condition and whether he exercised reasonable care to remedy it (*see, Putnam v Stout,* 38 NY2d 607, 612; *Hill v Cartier,* 258 AD2d 699, 700; *cf., Appleby v Webb,* 186 AD2d 1078). Defendants failed to preserve for our review their contentions that they had no duty to warn of an obvious condition and that they neither owed nor undertook a duty to maintain the leased premises. "In consequence of the failure to register any protest to the charge to the jury, the law as stated in that charge became the law applicable to the determination of the rights of the parties in this litigation * * * and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged" (*Harris v Armstrong,* 64 NY2d 700, 702; *see, Stepanian v Rozanski,* 195 AD2d

973, 974, *lv dismissed* 82 NY2d 802). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.