*236 OPINION OF THE COURT
William F. O’Brien, III, J.
Defendant Dorothy S. Hathaway now seeks postverdict relief in the above-entitled matter. In particular, she seeks to have this court offset, pursuant to CPLR 4545, plaintiff’s recovery by jury verdict for future medical expenses and/or lost wages to the extent of optional basic economic loss coverage in the amount of $25,000 available under a policy of automobile insurance issued to defendant Lois Pondolflno in whose automobile plaintiff was a passenger at the time she sustained injuries in the subject accident. Defendant Hathaway asserts that she is entitled to the same offset under CPLR 4545 with respect to the optional basic economic loss coverage as she is with the basic economic loss coverage.
Plaintiff, on the other hand, opposes defendant’s postverdict motion asserting that since the basic personal injury protection coverage is mandatory and the additional coverage is optional, and for which a fee is paid reducing plaintiff’s jury verdict recovery by the amount of the optional basic economic loss, would result in unjust enrichment to the defendant tortfeasor and a punishment to the plaintiff victim of such wrongdoing. Plaintiff also asserts that there is no guaranty that she will ever recover under the provisions of the optional basic loss coverage.
Statement of Facts
Plaintiff sustained personal injuries in a two-car motor vehicle accident which took place on April 13, 1999, in the County of Otsego, New York. Plaintiffs action for damages was tried before a jury in Otsego County for four days (Sept. 17, 2001-Sept. 20, 2001). A trial jury returned a verdict in favor of the plaintiff awarding $50,000 for past pain and suffering; $100,000 for future pain and suffering, including the permanency of the injury; $100,000 for future medical expenses; and $25,000 for future lost earnings (from age 56 to age 65). Plaintiff was age 39 at the time of the jury verdict.
Both parties earlier moved for certain relief from various aspects of this jury verdict. This court, by its written decision of October 26, 2001, denied postverdict relief to each party.
In connection with the offsets required by CPLR 4545 (c), these parties have agreed that the remaining balance of the applicable basic no-fault economic loss coverage be applied to reduce the plaintiffs recovery by jury verdict. Plaintiff had *237 received $13,327 for basic economic loss sustained prior to the jury verdict. There then remained, at the time of the jury’s verdict, basic economic loss coverage of $36,673. The parties have now agreed that plaintiffs future basic economic loss recovery by jury verdict be reduced by the remaining coverage available under the basic economic loss coverage.
What remains at issue between these parties concerns the question of whether the optional basic economic loss coverage purchased by defendant Pondolfino and in effect at the time of the accident in question covering plaintiff since she was a passenger in defendant Pondolfino’s car should be applied to offset plaintiffs future damage recovery.
Relevant Law/Analysis
For decades, New York, like most jurisdictions, embraced the common-law collateral source rule. The theory of the collateral source rule is that it was simply not fair for a negligent defendant to be permitted to reduce its liability in damages by showing that the plaintiff was already entitled to be reimbursed for such items as medical expenses and lost wages by a separate contract or other type of agreement. (Kish v Board of Educ. of City of N.Y., 76 NY2d 379, 384 [1990].) The so-called collateral source rule, by application, permitted a double recovery for a plaintiff.
Over time, the impact and cost associated with double recoveries led to the enactment in New York of CPLR 4545 and its predecessor statute. Actually, the erosion of the collateral source rule in New York began in 1975 with the enactment of CPLR former 4010. It was not until 1986 that New York included in an amendment to CPLR 4545 its subdivision (c) which extended the offset or reduction concept to any personal injury action.
CPLR 4545 (c) now requires the court, upon a finding that items of economic loss were or will with reasonable certainty be replaced or indemnified from any collateral source, to then reduce the amount of any award for such. The application of this so-called reduction or offset of plaintiffs recovery here has already been applied by agreement between these parties with the reduction of plaintiffs recovery by the remaining unex-pended amount of the basic personal injury protection (mandatory basic economic loss with a cap of $50,000). The question presented here is whether the defendant is entitled to have another $25,000 reduced from plaintiffs recovery due to the optional basic economic loss coverage (OREL).
*238 Insurance Law § 5102 (a) (5) defines basic economic loss to include an additional option to purchase for an additional premium an additional $25,000 of coverage. Defendant here argues that since she is entitled to an offset for the basic economic loss of up to $50,000, it follows that she is entitled to the same offset with respect to the additional $25,000 of basic economic loss acquired by defendant Pondolfino when she purchased the optional basic economic loss coverage.
There is no dispute between these parties that defendant Pondolfino had the mandatory basic economic loss coverage of $50,000 and an additional $25,000 basic economic loss coverage. A total then of $75,000 of basic economic loss coverage was available to a covered person under defendant Pondolfino’s automobile liability insurance policy in effect at the time of the subject accident. As such, this benefit was available to the plaintiff who, as a passenger in defendant Pondolfino’s automobile, was a covered person. This benefit is available to the plaintiff regardless of fault and is one of the major features of the so-called No-Fault Insurance Law in New York. In order to recover, plaintiff, upon sustaining such a basic economic loss as medical expenses or lost wages, need only connect such loss to injuries sustained in the subject accident. Since these benefits are available regardless of fault, there is no corresponding right of subrogation for the carrier reimbursing an injured plaintiff for items of basic economic loss.
Plaintiff argues that basic personal injury protection and the optional basic economic loss benefit are not the same since one is mandatory (basic PIP) and the other optional (OBEL). Additionally, plaintiff sees a distinction between the two types of coverages since one is mandatory (basic PIP) and the other is purchased by the payment of an additional fee. A further distinction is advanced by plaintiff concerning the right of an injured party under the optional basic economic loss endorsement to elect one of four options for such coverage. Under the mandatory basic economic loss coverage, no such options are available.
Clearly, there are some differences between the two types of benefits. On the one hand, for the payment of a fee, an insured can increase the basic economic loss coverage by an additional $25,000; and upon acquiring such a benefit, an injured party has the option to choose from among four categories of loss the item of loss to be covered. On the other hand, each type of benefit is available to an injured party regardless of fault in the underlying accident so long as the injured party is a covered *239 person and can connect a particular item of loss to an injury sustained in the subject accident. While one of these benefits is mandatory (basic PIP) and the other optional (OBEL), nonetheless, they have the same basic ingredients — that is, an entitlement by an injured party to benefits up to the maximum amount of coverage upon sustaining an item of basic economic loss regardless of fault.
The analysis necessary to resolve this dispute is advanced through the use of a hypothetical. Here, if this plaintiff, prior to the jury award, incurred basic economic loss expenses for such items as medical expenses and lost wages of $75,000, then upon the subsequent trial recovery (as here), this court would be required by CPLR 4545 to reduce plaintiff’s actual jury recovery for the items of medical expenses and lost wages included in her recovery to the extent of $75,000. The fact that, here, plaintiff had incurred only $13,337 of basic economic loss prior to the jury recovery and not the full $75,000 available under both the mandatory and optional basic economic loss benefits does not alter the application of an offset or reduction for those items which plaintiff is entitled to recover from the collateral sources available to her (basic PIP and OBEL).
Plaintiffs recovery from the trial jury that heard the evidence included $100,000 for future medical expenses and $25,000 for future lost earnings. The jury returned such an award to plaintiff after considering evidence of plaintiffs injuries and the evidence presented concerning the likelihood of future physical therapy, surgery and medications over plaintiffs lifetime and that her ability to engage in her customary occupation had been substantially impaired by her injuries. These awards are based on what the trial jury believed the evidence established for such items of future economic loss. They are not awards for actual losses. It may well be that plaintiff sustains these losses and, in fact, greater losses in the future; although, on the other hand, it may be that she does not sustain these losses or any loss approximating the level of the award for future economic loss. Reducing this future award by the additional $25,000 available to plaintiff under the optional basic economic loss avoids the possibility of a double recovery and actually reimburses plaintiff for actual future medical expenses and lost earnings instead of those reasonably expected to be incurred over the plaintiffs lifetime but not actually incurred. Such a result is both fair to all concerned and entirely consistent with a stated legislative purpose of keeping healthcare costs and medical malpractice insurance premiums in *240 line. The fact that the defendant tortfeasor escapes some liability in damages because of this optional basic economic loss coverage, if unfair, is an unfairness which was dismissed by the enactment of CPLR 4545 in favor of avoiding the possibility of a double recovery for the same items of economic loss.
The claim of the plaintiff that it is going to be difficult for her to recover these items in the future because no-fault carriers routinely deny such claims does not alter the requirement to apply CPLR 4545 here as it concerns the OREL coverage. Plaintiff, with reasonable certainty, has this coverage available to her and, in regard to any item of economic loss — be it medical expenses or lost wages — can recover up to a total of $75,000 from the no-fault carrier upon a showing of the item of loss connected to injuries sustained in the subject accident. Requiring plaintiff to make such a showing, while burdensome to some degree, is a basic minimum requirement for an injured party to receive such benefits. Such a burden does not make the benefit less certain to the plaintiff.
Accordingly, upon the facts found herein and for the reasons set forth, and subject to the defendant submitting proof to this court by way of a certification from the no-fault carrier that such OREL coverage remains available to this plaintiff despite any failure to so elect a type of coverage or file any claim, and. a confirmation that there would be no limit in time for the filing of such a claim, the motion of the defendant to offset the plaintiffs recovery to the extent of $25,000 (OREL coverage) is granted.