(June 12, 2012)

■ Joseph Schaefer et al., Appellants, v New York City Transit Authority et al., Respondents. [946 NYS2d 154]—

---

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 4, 2010, which granted defendants' motion to set aside the jury verdict in plaintiffs' favor and directed that judgment be entered in favor of defendants, reversed, on the law, without costs, the motion denied, and the matter remanded for a collateral source hearing.

Defendants failed to preserve their argument that a particular ANSI/AMSE standard did not form a proper basis for liability under General Municipal Law § 205-e, and we decline to review it in the interest of justice (*Harris v Armstrong*, 64 NY2d 700, 702 [1984]). Indeed, defendants not only failed to object to the trial court's charge regarding the subject standard before the jury rendered its verdict (*see* CPLR 4110-b), they actually argued that the standard should be given to the jury. Accordingly, the trial court erred in setting aside the verdict based on

the unpreserved argument (*see Harris*, 64 NY2d at 702; *Kroupova v Hill*, 242 AD2d 218, 220 [1997], *lv dismissed in part and denied in part* 92 NY2d 1013 [1998]).

The awards for loss of earnings and benefits, and for future medical expenses, are not excessive. However, defendants timely moved for a collateral source hearing and therefore are entitled to that hearing (*Szpakowski v Shelby Realty, LLC*, 48 AD3d 268, 269-270 [2008], *lv denied* 12 NY3d 708 [2009]). We note, in regard to the dissent's position, that plaintiffs' briefs do not request a new trial on damages. Concur—Mazzarelli, J.P., Friedman and DeGrasse, JJ.

Catterson and Renwick, JJ., dissent in part in a memorandum by Catterson, J., as follows: I must respectfully dissent in part since I agree with the majority in reinstating the verdict, but believe that a new trial on damages is warranted before proceeding to a collateral source hearing. Under the statutory scheme, the Legislature was clear that evidence on the issue of collateral source reimbursement should be introduced only *after* judgment in favor of the plaintiff has been awarded. As set forth more fully below, precedent is further clear that references to collateral sources at trial potentially prejudice the plaintiff insofar as a jury is likely to take them into account when assessing a negligent defendant's liability for damages. In this case, defense counsel repeatedly, impermissibly and over objection, questioned the plaintiffs' experts on collateral sources. Subsequently, the jury returned a verdict and award considerably lower than the losses projected by the plaintiffs' expert. Since it appears that the evidence adduced as to the plaintiffs' collateral source payments was indeed prejudicial, in my opinion, proceeding directly to a collateral source hearing would compound the error by reducing an award that may already have been reduced by the jury on the basis of the plaintiffs' collateral source payments.

This action for damages arises out of an incident occurring in Pennsylvania Station during the blackout of August 2003. The plaintiff New York City Transit Authority police officer was injured in the course of rescuing two women trapped in an elevator. The plaintiffs sought recovery under General Municipal Law § 205-e alleging that the New York City Transit Authority violated a standard of the American Society of Mechanical Engineers (hereinafter referred to as ASME). Specifically, the plaintiffs alleged that the defendants failed to have proper tools and equipment on hand in the event of an emergency evacuation, including foldable ladders, lifelines and forcible entry tools.

The record reflects that doctors diagnosed the plaintiff police

officer with complex regional pain syndrome, a pain syndrome that leaves a patient with abnormal sensations. By November, 2004, the NYPD formally deemed the plaintiff disabled. The plaintiff testified that, after the accident, he suffered from severe pain in his knee and that he underwent arthroscopic surgery followed by other treatments, but that nothing worked to alleviate his chronic knee pain. The plaintiff further testified that following the surgery, he continued to be in pain, and could only hope to bring the pain "sort of, under control," but there was no hope of eliminating it.

The plaintiff's prognosis was a lifetime of chronic pain that, at times, "may get worse and may get minimally better." In addition to the chronic pain, the plaintiffs' medical expert testified that it was probable the plaintiff would suffer from depression as a result of his injury. The plaintiffs' economic expert projected a loss of income and benefits of more than $4.1 million.

At trial, defense counsel was allowed, over the plaintiffs' objections, to extensively question the plaintiffs' economist as to the accidental disability benefits, patrolman benefit funds, and other funds that the plaintiffs were receiving. Additionally, defense counsel questioned the plaintiffs' expert as to why he had not deducted collateral source payments from his projections. The jury found the defendants liable for violating the ASME standard requiring "a rescue plan and suitable equipment" and that the violation caused the plaintiff police officer's injury. The jury awarded $2,673,154 for lost income and benefits, and future loss of earnings. This constituted 65% of the loss projected by his economic expert. Additionally, the jury awarded $500,000 in medical expenses, despite the plaintiffs' economic expert's estimate of $707,076.

Nonetheless, the defendants argued in post-trial motions that (1) the jury award for future medical expenses and loss of earnings was excessive, and (2) that the ASME provision on which the jury had premised liability could not serve as a legally viable General Municipal Law § 205-e predicate. The trial court granted the defendants' motion on the ASME claim by setting aside the verdict.

On appeal, the plaintiffs assert that the verdict should be reinstated, that the jury award was not excessive, and that the defendants' argument was waived at trial when defense counsel failed to preserve the issue. The defendants argue that, should we reinstate the jury's verdict as the majority has done, the defendants are entitled to a collateral source hearing. For the following reasons, I would remand for a new trial on damages prior to a collateral source hearing.

CPLR 4545 provides, in general, for a reduction in an award of damages based on reimbursement to the plaintiffs from collateral sources. Specifically, section 4545 is titled "Admissibility of collateral source of payment," and it is therefore an evidentiary rule governing when such evidence may be presented: The provision is clear that "evidence [of collateral source payments] shall be admissible for consideration by the court" and that any collateral source deduction "shall be made by the trial court *after* the rendering of the jury's verdict" (emphasis added). (CPLR 4545 [a]; *see also Wooten v State of New York*, 302 AD2d 70, 73 [4th Dept 2002], *lv denied* 1 NY3d 501 [2003], citing *Teichman v Community Hosp. of W. Suffolk*, 205 AD2d 16, 19 [1994], *mod on other grounds* 87 NY2d 514 [1996] ["the Legislature intended the statute to define an evidentiary rule which is to be applied only where the matter is tried and a judgment in favor of a plaintiff has been 'awarded' "].)

Because the requirement of deducting from the plaintiffs' award is left solely for the court, no evidence of collateral source payments should be presented to the jury. On the contrary, the jury should determine the plaintiffs' losses without reference to any reimbursement that the plaintiffs may have received. (CPLR 4545 ["(t)he plaintiff may prove his or her losses and expenses at the trial irrespective of whether such sums will later have to be deducted from the plaintiff's recovery"]; *see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4545:3; *see also Kish v Board of Educ. of City of N.Y.*, 76 NY2d 379, 384 [1990], citing *Healy v Rennert*, 9 NY2d 202 [1961].)

In *Healy*, the Court found that evidence of the plaintiff's collateral source payments which was submitted to a jury was prejudicial to the plaintiff since the jury "may well have considered that plaintiff had sustained no damage." (*Healy*, 9 NY2d at 207.) Subsequently, in *Kish*, the Court elaborated on the theory underlying the collateral source rule by observing that "the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss." (*Kish*, 76 NY2d at 384.) Thus, the Court held that "a negligent defendant should not, in fairness, be permitted to reduce its liability in damages by showing that the plaintiff is already entitled by contract or employment right to reimbursement." (*Id.*)

In this case, notwithstanding the statutory scheme as to inadmissibility of collateral source evidence at trial, defense counsel extensively questioned the plaintiffs' economist as to disability benefits, and why the plaintiffs' expert had not

deducted those collateral sources from his projections. Over the plaintiffs' objections, the defendants continued to question the plaintiffs' economist about collateral source payments including Social Security payments received by his children. More egregiously, on summation, defense counsel concluded by telling the jury that the economist's failure to deduct for collateral source payments was "like cheating."

The jury awarded the plaintiffs 29 years of future expenses and $500,000 in future medical expenses, despite uncontroverted testimony that the plaintiff police officer's life expectancy was 36.18 years, and an unrebutted projection of $707,076 for future medical expenses. In my opinion, the only inference to be made from such a drastic reduction is that defense counsel's impermissible references to collateral source payments prejudiced the jury, and likely led to the reduction of the defendants' damages.

Thus, in my opinion, the plaintiffs would be severely prejudiced by a collateral source hearing that aimed to deduct the plaintiffs' collateral source payments from a jury award that in all likelihood already factored in those payments.