■ LAUREN WICHTER FRIEDMAN, Respondent, v ARENSON OFFICE FURNISHINGS INC., Appellant. 525 [12 NYS3d 34]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 22, 2014, which denied defendant's motion for partial summary judgment dismissing plaintiff's claim alleging violations of article 6 of the Labor Law, unanimously affirmed, with costs.

In February 2008, defendant hired plaintiff to start up, manage, and solicit business for a newly created division of its business, Architectural Products. In addition to an annual salary, plaintiff's employment contract entitled her to yearly bonuses comprised of 15% of the Architectural Products division's net profits, less a charge for of 5% of divisional sales for corporate overhead. In July 2013, defendant terminated plaintiff's employment without having paid her any bonuses.

Defendant failed to establish that the bonuses are not "wages," as defined by article 6 of the Labor Law (Labor Law § 190 [1]). The employment agreement creates "a more direct relationship between [plaintiff's] own performance and the compensation to which [she] is entitled" (*Truelove v Northeast Capital & Advisory*, 95 NY2d 220, 224 [2000]). In the event that plaintiff can establish that her division earned net profits during the periods in question, payment of the bonuses would be non-discretionary and based upon services plaintiff rendered as the manager of a newly created division to be run by her (*see Ryan v Kellogg Partners Inst. Servs.*, 79 AD3d 447, 449 [1st Dept 2010], *affd* 19 NY3d 1 [2012]), and not "upon [the] employer's overall financial success" (*Truelove* at 224). Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.