■ PHILIP GIANFRANCISCO et al., Respondents, v RICHARD W. CONWAY, Appellant. (And a Third-Party Action.) [58 NYS3d 486]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered August 25, 2014, which, upon the denial of his *motion* pursuant to

CPLR 4401, made at the close of the plaintiffs' case, for judgment as a matter of law, upon a jury verdict in favor of the plaintiffs and against him, and upon an order dated July 24, 2014, denying his motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and excessive, is in favor of the plaintiffs and against him in the principal sum of $125,000.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiffs the principal sum of $125,000, and substituting therefor a provision awarding the plaintiffs the principal sum of $96,000; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence is granted, the order dated July 24, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiffs, Philip Gianfrancisco (hereinafter Gianfrancisco) and Barbara Gianfrancisco, commenced this action against the defendant to recover damages for breach of contract. The plaintiffs alleged that in October 2003, they entered into an oral agreement with their daughter, Jennifer Frisina, and her then husband, the defendant, whereby the plaintiffs agreed to loan Frisina and the defendant the money needed to complete certain home renovations. The complaint alleged that the total amount loaned was $96,000.

At trial, Gianfrancisco testified that he made monetary disbursements to the defendant and Frisina over the course of a year, providing the money as requested in cash or by withdrawing the money from his home equity loan account and then depositing the sum into the defendant's and Frisina's joint account. Gianfrancisco testified that he made the final loan disbursement in October 2004, and that the total amount loaned was $99,050. Frisina also testified at trial in support of the plaintiffs' case. She corroborated Gianfrancisco's testimony and further testified that in November 2004, she and the defendant obtained a home equity loan in order to repay the loan from the plaintiffs, as agreed, but the defendant cancelled the loan and thereafter informed her that he had no intention of repaying the plaintiffs. The plaintiffs submitted into evidence, over the defendant's objections, photocopied and incomplete bank statements.

At the close of the plaintiffs' case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law on the

ground that the plaintiffs failed to establish that they performed their obligations under the alleged contract. The Supreme Court denied the motion. At the conclusion of trial, the jury returned a verdict in favor of the plaintiffs, finding the defendant liable for breach of contract, and awarded the plaintiffs damages in the principal sum of $125,000. Thereafter, the defendant moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and excessive, noting that the plaintiffs only sought recovery of $96,000. In an order entered July 24, 2014, the court denied the defendant's motion. A judgment was subsequently entered in favor of the plaintiffs and against the defendant in the principal sum of $125,000. The defendant appeals.

A motion for judgment as a matter of law pursuant to CPLR 4401 may only be granted when the trial court finds that "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Rumford v Singh*, 130 AD3d 1002, 1004 [2015]). Here, viewing the evidence in the light most favorable to the plaintiffs, denial of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law was appropriate. The evidence, including credible testimony adduced by the plaintiffs on their case-in-chief established, prima facie, that they entered into an oral contract with the defendant and Frisina, pursuant to which they loaned the defendant a certain sum of money, and that the defendant breached this contract by failing to repay any of the money loaned, thereby causing the plaintiffs to incur damages. In this regard, the admission of the plaintiffs' photocopied and incomplete bank statements did not violate the best evidence rule. The plaintiffs satisfactorily accounted for their inability to produce the original and complete records, thus establishing a foundation for the admission of the secondary evidence (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994]; *Comerica Bank, N.A. v Benedict*, 39 AD3d 456, 458 [2007]; *Lipschitz v Stein*, 10 AD3d 634 [2004]). Accordingly, contrary to the defendant's contention, there was a rational process by which the jury could find the essential elements of a cause of action to recover damages for breach of contract (*see 143 Bergen St., LLC v Ruderman*, 144 AD3d 1002, 1003 [2016]; *Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016, 1017 [2015]; *Canzona v Atanasio*, 118 AD3d 837, 839 [2014]; *Dee v Rakower*, 112 AD3d 204, 208-209 [2013]). Thus, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4401.

Likewise, the Supreme Court properly denied that branch of

the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence, since the evidence on that issue did not so preponderate in favor of the defendant that the verdict could not have been reached upon any fair interpretation of the evidence (*see* CPLR 4404 [a]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *DiMarco v Custom C.A.S., Inc.*, 106 AD3d 684, 685 [2013]).

However, the Supreme Court should have granted that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence. The plaintiffs' proof was insufficient to establish that they sustained actual damages for breach of contract in the principal sum of $125,000. Accordingly, we modify the judgment by reducing the principal sum awarded to the plaintiffs from $125,000 to $96,000.

The parties' remaining contentions are without merit. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.