Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 2, 2016. The order, inter alia, granted in part the posttrial motion of defendant to set aside the verdict as to damages and reduced the amount thereof, and otherwise denied defendant’s motion.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the posttrial motion with respect to the Labor Law cause of action and dismissing that cause of action, and as modified the order is affirmed without costs.
 

 Memorandum: Plaintiff, a former associate attorney in defendant’s Rochester office, commenced this action seeking to recover a bonus that he allegedly earned during his employment with defendant. On a prior appeal, we determined that Supreme Court erred in granting defendant’s motion for summary judgment dismissing certain causes of action, including those alleging violation of the Labor Law and breach of contract, and we reinstated those causes of action (Doolittle v Nixon Peabody LLP, 126 AD3d 1519 [4th Dept 2015]). The case proceeded to a jury trial at which plaintiff presented evidence, including his own testimony, that various partners of defendant advised him and other associates that an associate who generated a client for defendant would receive a bonus consisting of 5% of the fees paid by that client if such fees exceeded a threshold of $100,000 (hereafter, collections bonus). Although the collections bonus policy was never put in writing, it was verbally communicated to plaintiff on multiple occasions. Plaintiff acknowledged that he could not provide a date and time for every meeting in which the collections bonus was discussed, but he testified that the collections bonus was promised throughout the duration of his employment with defendant from 2002 to 2008. Among other discussions with partners about the collections bonus, plaintiff recalled annual or biannual meetings in defendant’s Rochester office conducted by the partner responsible for managing the firm’s bonus programs (hereafter, compensation management partner) in which the compensation management partner discussed various compensation-related matters, including the collections bonus.
 

 Plaintiff generated a new client for defendant through a personal connection with the client’s general counsel. In particular, plaintiff met with the general counsel in late 2004 about having the client hire defendant to pursue a claim, and plaintiff also made a “personal pitch” to the general counsel by indicating that, if the client hired defendant, plaintiff would have the opportunity to earn a bonus amounting to a percentage of the fees collected in the matter. The client formally retained defendant in April 2005. In August 2008, an arbitration award was issued in favor of the client in the amount of approximately $19 million. Plaintiff left defendant’s employ for a new job in September 2008. After further activity, the client ultimately accepted a settlement offer of approximately $16 million and, in November 2008, defendant collected a contingency fee of over $5 million from the client. Defendant, however, did not pay plaintiff the 5% collections bonus in connection with that fee.
 

 The court reserved decision on defendant’s motion for a directed verdict following plaintiff’s proof. Defendant called several partners as witnesses, including the compensation management partner, who acknowledged that, among other things, defendant had the collections bonus practice during the relevant period, that he conducted annual meetings in the Rochester office during which he discussed associate bonuses including the collections bonus, and that he knew associates would rely on his representations because the collections bonus was not in writing. The jury returned a verdict in favor of plaintiff on the Labor Law and breach of contract causes of action.
 

 Defendant appeals from those parts of an order denying its motion during trial for a directed verdict pursuant to CPLR 4401 and denying in part its posttrial motion to set aside the verdict pursuant to CPLR 4404 (a). Plaintiff cross-appeals from the order to the extent that the court granted that part of defendant’s motion to set aside the verdict as to damages and reduced the amount thereof as a matter of law.
 

 Defendant in its main brief on appeal does not challenge the court’s denial of that part of its motion for a directed verdict under CPLR 4401 with respect to the Labor Law cause of action, and thus it has abandoned any contentions with respect to that part of the motion (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). To the extent that defendant seeks to challenge the denial of that part of the motion for the first time in its reply brief, that challenge is not properly before us (see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1144 [4th Dept 2014]; O’Sullivan v O’Sullivan, 206 AD2d 960, 960-961 [4th Dept 1994]).
 

 We agree with defendant that the court erred in denying that part of its posttrial motion to set aside the verdict on the Labor Law cause of action (see CPLR 4404 [a]), and we therefore modify the order accordingly. A court may set aside a jury verdict as not supported by legally sufficient evidence and enter judgment as a matter of law only where “there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Matter of State of New York v Farnsworth, 107 AD3d 1444, 1445 [4th Dept 2013]; Niagara Vest v Alloy Briquetting Corp., 244 AD2d 892, 893 [4th Dept 1997]). Plaintiff’s cause of action and the resulting jury verdict in this case are premised upon defendant’s violation of Labor Law § 193 (1), which provides, with certain exceptions not applicable here, that “[n]o employer shall make any deduction from the wages of an employee” (see generally Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 15-16 [2012]). Labor Law § 190 (1) defines “[w]ages” as “the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.” The Court of Appeals has explained that, “[u]nlike in other areas where the Legislature chose to define broadly the term ‘wages’ to include every form of compensation paid to an employee, including bonuses . . . , the Legislature elected not to define that term in Labor Law § 190 (1) so expansively as to cover all forms of employee remuneration” (Truelove v Northeast Capital & Advisory, 95 NY2d 220, 224 [2000]). Thus, “the more restrictive statutory definition of ‘wages,’ as ‘earnings . . . for labor or services rendered,’ excludes incentive compensation ‘based on factors falling outside the scope of the employee’s actual work’ ” because “the wording of the statute, in expressly linking earnings to an employee’s labor or services personally rendered, contemplates a more direct relationship between an employee’s own performance and the compensation to which that employee is entitled” (id.). By contrast, a bonus falls within the protection of the statute, i.e., it is considered “wages” rather than “incentive compensation,” when the bonus is “ ‘expressly link[ed]’ to [the employee’s] ‘labor or services personally rendered’” (Ryan, 19 NY3d at 16; see Friedman v Arenson Off. Furnishings Inc., 129 AD3d 525, 525 [1st Dept 2015]).
 

 Here, notwithstanding the foregoing legal principles, the law as stated in the court’s unchallenged jury charge “became the law applicable to the determination of the rights of the parties in this litigation . . . and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged” (Harris v Armstrong, 64 NY2d 700, 702 [1984]; see Murdock v Stewart’s Ice Cream Co., 5 AD3d 1100, 1101 [4th Dept 2004]; see also Kroupova v Hill, 242 AD2d 218, 220 [1st Dept 1997], lv dismissed 92 NY2d 843 [1998], lv dismissed in part and denied in part 92 NY2d 1013 [1998]). The court instructed the jury, in relevant part, that an employee bonus is “incentive compensation” rather than “wages” protected by the statute “where the bonus is based on more than just the employee’s performance.” The court further instructed that, if the jury found “that the collections bonus is based on a portion of the fee collected by defendant in the . . . matter” and “that the fee collected by defendant in the . . . matter is based on factors outside of plaintiff’s control,” it had to find that the collections bonus constitutes “incentive compensation.”
 

 Applying the facts to the law as stated in the jury charge, the evidence establishes that the collections bonus was “incentive compensation” because it was based on more than just plaintiff’s performance. Among other things, the matter took considerable effort from other attorneys, some of whom billed far more hours on the matter than plaintiff, and a partner conducted international arbitration and filed enforcement proceedings to secure a settlement collectible by the client. Contrary to plaintiff’s contention, inasmuch as the collections bonus was calculated as a percentage of the fee in the matter and “the fee collected” by defendant was based on the above-mentioned factors outside of plaintiff’s control, the jury could not have rationally concluded that the collections bonus was anything other than “incentive compensation” excluded from protection under Labor Law § 193 (1).
 

 Additionally, even if inaccurate, the court’s unchallenged charge provided that the jury could conclude that the collections bonus vested during plaintiff’s employment with defendant only if it found that “the amount of the collections bonus, including the fee collected on the . . . matter, was expressly linked to labor or services personally rendered by plaintiff and that this amount was earned before plaintiff left his employment.” Here, the evidence established that the amount of the collections bonus eventually owed to plaintiff for generating the client was not expressly linked to labor or services personally rendered by plaintiff; rather, the amount of the bonus—5% of collected fees from the client only if such fees ultimately exceeded $100,000—was dependent upon and linked to the contingency fee obtained by defendant through the efforts of its various employees after the client retained defendant. Thus, based on the law as stated by the court, the jury could not have rationally concluded that plaintiff’s collections bonus was vested and earned for purposes of the Labor Law before he left defendant’s employ (cf. Ryan, 19 NY3d at 16).
 

 We reject defendant’s further contention, however, that the court erred in denying that part of its motion seeking a directed verdict on the breach of contract cause of action based upon plaintiff’s alleged failure to establish a prima facie case. It is well settled that “ ‘a directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party ... In determining whether to grant a motion for a directed verdict pursuant to CPLR 4401, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant’ ” (A&M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1287-1288 [4th Dept 2014]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
 

 We conclude on this record that there was a rational process by which the jury could find the essential elements of a cause of action to recover damages for breach of contract (see generally Gianfrancisco v Conway, 152 AD3d 494, 496 [2d Dept 2017]). Viewing the evidence in the light most favorable to plaintiff, the jury was entitled to infer that defendant held annual meetings at which the compensation management partner set forth the specific terms of the collections bonus under which an associate would receive 5% of any fees collected on a newly generated client if such fees exceeded $100,000; that plaintiff attended at least one such meeting prior to his meeting with the client’s general counsel in late 2004 and the client’s subsequent formal retention of defendant in April 2005 inasmuch as plaintiff’s employment began in 2002; and that plaintiff was therefore aware of the collections bonus as a result of the compensation management partner’s representations— which were in conformance with other similar indications by other partners—before he generated the client for defendant. Plaintiff’s testimony further supports the inference that the collections bonus was promised to him by defendant from the beginning of his employment in 2002, and that such promise was made prior to plaintiff’s performance of generating the client inasmuch as plaintiff mentioned the bonus opportunity to the client’s general counsel in order to persuade the client to retain defendant as its law firm. In sum, the evidence adduced by plaintiff established, prima facie, that the parties entered into a binding oral agreement in which at least one of defendant’s partners promised to pay plaintiff a bonus consisting of 5% of the fee collections from any client generated by plaintiff if such fees exceeded $100,000, that plaintiff subsequently performed under the agreement by generating the client, and that defendant breached the agreement by failing to pay the collections bonus, thereby causing plaintiff to incur damages (see generally Gianfrancisco, 152 AD3d at 496). The court thus properly denied defendant’s motion for a directed verdict pursuant to CPLR 4401.
 

 Contrary to defendant’s further contention, we conclude that the court properly denied that part of defendant’s motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the breach of contract cause of action as contrary to the weight of the evidence inasmuch as the evidence “did not so preponderate in favor of the defendant that the verdict could not have been reached upon any fair interpretation of the evidence” (Gianfrancisco, 152 AD3d at 497).
 

 In light of our determination, we do not address the remaining contentions raised by defendant on its appeal.
 

 On his cross appeal, plaintiff challenges the order to the extent that the court, upon finding that the jury incorrectly calculated damages for defendant’s breach of contract, granted that part of defendant’s motion to set aside the verdict as to damages and reduced the amount thereof as a matter of law (see CPLR 4404 [a]). Plaintiff contends that the court erred in recalculating the damages award because the jury was entitled to determine that the collections bonus applied to 5% of the “total collections,” including any reimbursements from the client for defendant’s out-of-pocket expenses in pursuing the matter. We reject that contention. Plaintiff repeatedly testified at trial that defendant promised to pay him 5% of the “fees” that it collected from the client if the threshold was met, and the record does not support plaintiff’s assertion that the “fees” included defendant’s out-of-pocket expenses subject to reimbursement by the client.
 

 Present—Peradotto, J.P., DeJoseph, NeMoyer and Curran, JJ.