Douglas F. v Williamsville Cent. Sch. Dist. (2019 NY Slip Op 04536)





Douglas F. v Williamsville Cent. Sch. Dist.


2019 NY Slip Op 04536


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


67 CA 18-01458

[*1]DOUGLAS F., INDIVIDUALLY AND AS FATHER AND NATURAL GUARDIAN OF ALEX F., AN INFANT, PLAINTIFF-RESPONDENT,
v
WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, WILLIAMSVILLE CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, AND MILL MIDDLE SCHOOL, DEFENDANTS-APPELLANTS. 






HURWITZ & FINE, P.C., BUFFALO (TODD C. BUSHWAY OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered November 8, 2017. The order denied the motion of defendants seeking, inter alia, to set aside a jury verdict. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff's son sustained personal injuries when, while walking down a hallway at defendant Mill Middle School (school), he was struck in the head by a 90-pound wooden bathroom door that opened outward into the hallway on his right. The door was located between the cafeteria and the auditorium. Plaintiff commenced this action against defendants asserting, inter alia, a cause of action for negligence based on the outward-swinging door and the school's policy of instructing students to walk on the right-hand side of the hallways. After a trial on the issue of liability only, the jury returned a verdict in favor of plaintiff. Supreme Court thereafter denied defendants' posttrial motion seeking, inter alia, to set aside the verdict, and this appeal ensued. We affirm.
As a preliminary matter, we agree with plaintiff that defendants have abandoned any contention that the court erred in permitting plaintiff's expert architect to testify (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Defendants' primary contention on appeal is that the testimony of the expert was speculative and conclusory and that, because it was the sole evidence of defendants' negligence presented by plaintiff, the verdict is not supported by legally sufficient evidence. We reject that contention.
When asked on direct examination whether the outward-swinging door constituted "good architectural soundness and building design practice," the expert agreed that it was "not a safe and sound practice," but he never identified any past or present rule, regulation, code, or industry standard that defendants had violated in having the door swing outward. Even assuming, arguendo, that the expert's testimony did not have the requisite evidentiary foundation (see Hotaling v City of New York, 55 AD3d 396, 399 [1st Dept 2008], affd 12 NY3d 862 [2009]; Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]), we nevertheless conclude that there is a "valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Doolittle v Nixon Peabody LLP, 155 AD3d 1652, 1654 [4th Dept 2017]). That evidence, which we have evaluated in light of the [*2]unchallenged jury instructions given by the court (see Harris v Armstrong, 64 NY2d 700, 702 [1984]; Doolittle, 155 AD3d at 1655; see also Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 272-273 [2007]), included testimony from the school's principal that it would have been safer for students walking in the hallway to have the door open inward and that the likelihood of the door opening into someone's path was increased because the students were instructed to walk on the right side of the hallway next to the door. In addition, the director of facilities for defendant Williamsville Central School District at the time of the incident testified that it was very possible that the outward-swinging door could strike someone walking down the hallway, that he did not know of any reason why the door opened outward, and that the door could have been modified by his staff in a short time at minimal expense. The jury was also able to consider trial exhibits including oversized photographs and architectural schemata to help it determine whether, in light of all the circumstances (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Clauss v Bank of Am., N.A., 151 AD3d 1629, 1631 [4th Dept 2017]), the bathroom door was, as charged by the court, "reasonably safe." Thus, even apart from the testimony of the expert, there is legally sufficient evidence from which the jury could conclude, based on common sense and the ordinary experience and knowledge possessed by laypersons (see generally Havas v Victory Paper Stock Co., 49 NY2d 381, 386 [1980]; Meiselman v Crown Hgts. Hosp., 285 NY 389, 395-396 [1941]), that the outward-opening door was not reasonably safe.
Finally, to the extent that defendants contend that they cannot be held liable because they had no prior notice of the dangerous nature of the outward-swinging door, we conclude that such contention is without merit. "Defendants' knowledge that the condition was dangerous is not a precursor to the imposition of liability" (Matter of Mitchell v NRG Energy, Inc., 125 AD3d 1542, 1543 [4th Dept 2015]; see Harris v Seager, 93 AD3d 1308, 1308-1309 [4th Dept 2012]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court